```
                    IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF NEBRASKA

JOHN MAXWELL MONTIN,            )
                                )
                   Plaintiff,   )           4:14CV3142
                                )
          v.                    )
                                )
Y. SCOTT MOORE, M.D., MARIO     )       MEMORANDUM AND ORDER
SCALORA, Ph.D., MARY PAINE,     )
Ph.D., STEPHEN PADEN, M.D.,     )
LISA WOODWARD, Ph.D., CHIN      )
CHUNG, M.D., MARCO BAQUERO,     )
M.D., EUGENE OLIVETO, M.D.,     )
ANN EVELYN, M.D.,  DINESH       )
KARUMANCHI, M.D., RAJEEV        )
CHATURVEDI, M.D., JOANNE        )
MURNEY, Ph.D., SHERRI           )
BROWNING, Ph.D., LORRENE        )
JURGENS, Nurse Practitioner,    )
MINDY ABEL, Psy.D., CYNTHIA     )
PETERSON, Nurse Practitioner,   )
JAMES ALLISON, Ph.D., CORRINE   )
McCOY, Program Manager,         )
JENNIFER CIMPL, Psy.D.,         )
SHANNON BLACK, Psy.D.,          )
ZAKARIA SIDDIQUI, M.D.,         )
ROBERTO ALVES, Psy.D.,          )
KATHLEEN BARRETT, Psy.D.,       )
KLAUS HARTMANN, M.D.,           )
                                )
                   Defendants.  )
                                )
```

This matter is before the Court upon defendant Mario Scalora's motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 (Filing No. 4) with an index of evidence (Filing No. 5) and supporting brief (Filing No. 6). The plaintiff responded by filing a motion to defer action on summary

judgment under Rule 56(d) of the Federal Rules of Civil Procedure (Filing No. 14), with an index of evidence (Filing No. 15), an affidavit (Filing No. 16), and brief in support of his motion (Filing No. 17). The defendant responded to the plaintiff's motion to defer action on summary judgment with a brief in opposition (Filing No. 19), to which the plaintiff replied (Filing No. 29). Defendant Scalora filed a motion (Filing No. 28) to strike his original supplemental support brief (Filing No. 27). Upon reviewing the motions, briefs, evidence, and relevant law, the Court finds as follows.

**BACKGROUND**

The plaintiff, John Maxwell Montin ("Montin"), filed a complaint on July 11, 2014, alleging violation of his civil rights pursuant to 42 U.S.C. § 1983 and state tort medical malpractice claims (Filing No. 1). The plaintiff's claims arise out of his evaluation and diagnosis while committed to the Lincoln Regional Center ("LRC"). Montin was committed to the LRC on August 13, 1993, by the Hays County District Court for an evaluation after a jury found him to be not responsible by reason of insanity on two felony charges (*Id.* at ¶ 29). On July 16, 2013, Montin was unconditionally released from court-ordered treatment at LRC because he was found to be no longer dangerous to himself or others by reason of mental illness or defect and

will not be so dangerous in the foreseeable future (*Id.* at ¶ 31). The plaintiff alleges that the defendants failed to determine that he was not mentally ill, and that he did not suffer from a condition requiring treatment (*Id.* at ¶ 40). In addition, the plaintiff alleges various civil rights claims against the named defendants (*Id.* at ¶¶ 76-90).

Defendant Mario Scalora ("Scalora") moves this Court under Rule 56 of the Federal Rules of Civil Procedure for summary judgment in his favor. Scalora argues that any claim against him is barred by the applicable statue of limitations, and that any claim against him for damages is barred by state sovereign immunity, U.S. Const. amend. XI, absolute and qualified immunity (Filing No. 6, at 1). In response, Montin moves this Court to defer or deny Scalora's motion for summary judgment to allow time for discovery. Montin argues that he has had no opportunity for discovery, and deferring the summary judgment ruling would allow him to obtain discovery relevant to the state law malpractice cause of action (Filing No. 29, at 1, 6).

**STANDARD OF REVIEW: SUMMARY JUDGMENT**

Summary judgment may be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The burden of proof is on the moving party to set forth the basis of its

motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  The Court must view all facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  "The non-moving party, however, must still "present evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in [their] favor."  *Pope v. ESA Services, Inc*., 406 F.3d 1001, 1003-4 (8th Cir. 2005) (quoting *Gregory v. City of Rogers, Ark*., 976 F.2d 1006, 1010 (8th Cir. 1992)).  Summary judgment is appropriate where a plaintiff fails to present evidence sufficient to create a jury question as to an essential element of his claim.  *Turner v. Honeywell Fed. Manuf. & Tech.*, 336 F.3d 716 (8th Cir. 2003).

**FEDERAL RULE OF CIVIL PROCEDURE 56(d)**

      Federal Rule of Civil Procedure 56(d) states,

> When Facts Are Unavailable to the Nonmovant.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or

>              (3) issue any other appropriate
>          order.

"Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery." *Robinson v. Terex Corp.* 439 F.3d 465, 467 (8th Cir. 2006). "[Rule 56(d)] allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." *Celotex*, 477 U.S. at 326. "The nonmoving party must make a showing, however, that discovery has been inadequate." *Robinson*, 439 F.3d at 467.

"Rule [56(d)] is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Willmar Poultry Co. v. Morton-Norwich Prod., Inc.*, 520 F.2d 289, 297 (8th Cir. 1975). Instead, "[a] party invoking its protections must do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id*. "[Rule 56(d)] provides a 'safeguard against an improvident or premature grant of summary judgment . . . and [it] should be applied with a spirit of liberality.'" *Weber v. The Travelers Home and Marine Ins. Co.*, No. 10-2142, 2011 WL 1757563, at *1 (D.

Minn. March 1, 2011) (quoting *United States ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002)).

Here, Montin maintains that defendant Scalora's motion for summary judgment is premature because he has had no opportunity to conduct discovery. Montin argues that discovery could help develop evidence for the statute of limitations issue. Montin wishes to investigate Scalora's involvement with the LRC and University of Nebraska graduate students after May 2010. In addition, Montin claims that discovery will aid in determining Scalora's role and function at the LRC.

Scalora, on the other hand, argues that discovery is not necessary. Scalora claims that Montin has not alleged any facts which would toll the running of the statute of limitations. In addition, Scalora argues that additional information is not material to the resolution of the summary judgment motion.

The Court finds that Montin is entitled to a postponement of the ruling on defendant's motion for summary judgment so that Montin may proceed with discovery. The plaintiff is not using Rule 56(d) as a shield, but rather genuinely believes that discovery may impact the merits of the motion for summary judgment. Defendant's motion for summary judgment will be denied, without prejudice, with leave to re-file following discovery. Accordingly,

IT IS ORDERED:

1) Defendant's motion for leave to file supplemental support brief (Filing No. 27) is denied as moot.

2) Defendant's motion to strike and substitute supplemental support brief (Filing No. 28) is granted.

3) Defendant Scalora's motion for summary judgment (Filing No. 4) is denied, without prejudice.

4) Plaintiff's motion to defer action of summary judgment motion (Filing No. 14) is denied as moot.

DATED this 22nd day of December, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court