IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:14CV3142 |
| | ) | |
| v. | ) | |
| | ) | |
| Y. SCOTT MOORE, et al., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the motion of defendants, Y. Scott Moore M.D., Mary Paine Ph.D., Lisa Woodward Ph.D., Ann Evelyn M.D., Dinesh Karumanchi M.D., Rajeev Chaturvedi M.B.B.S., Joanne Murney Ph.D., Sherri Browning Ph.D., Lorrene Jurgens APRN, Mindy Abel Psy.D., Corrine McCoy, Jennifer Cimpl Psy.D., Shannon Black Psy.D., Zakaria Siddiqu M.D., Kathleen Barrett Psy.D., and Klaus Hartmann M.D., to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Filing No. 9), with supporting brief (Filing No. 10). The plaintiff filed a brief in opposition (Filing No. 30), to which the defendants replied (Filing No. 31). After reviewing the submissions of the parties and the relevant law, the Court finds as follows.

**I. BACKGROUND**

The plaintiff, John Maxwell Montin ("Montin"), filed a complaint on July 11, 2014, alleging violation of his civil

rights pursuant to 42 U.S.C. § 1983 and state tort medical malpractice claims (Filing No. 1).  The plaintiff's claims arise out of his evaluation and diagnosis while committed to the Lincoln Regional Center ("LRC").  Montin was committed to the LRC on August 13, 1993, by the Hays County District Court for an evaluation after a jury found him to be not responsible by reason of insanity on two felony charges (*Id.* at ¶ 29).  On July 16, 2013, Montin was unconditionally released from court-ordered treatment at the LRC because he was found to be no longer dangerous to himself or others by reason of mental illness or defect and will not be so dangerous in the foreseeable future (*Id.* at ¶ 31).  Montin alleges that the defendants failed to determine that he was not mentally ill, and that he did not suffer from a condition requiring treatment during his time at the LRC (*Id.* at ¶ 40).  Montin also claims that the defendants failed to meet the standard of care while treating him. (*Id.* at ¶ 51-52).  In addition, Montin alleges various civil rights claims against the named defendants (*Id.* at ¶¶ 76-90).

Defendants Y. Scott Moore M.D., Mary Paine Ph.D., Lisa Woodward Ph.D., Ann Evelyn M.D., Dinesh Karumanchi M.D., Rajeev Chaturvedi M.B.B.S., Joanne Murney Ph.D., Sherri Browning Ph.D., Lorrene Jurgens APRN, Mindy Abel Psy.D., Corrine McCoy, Jennifer Cimpl Psy.D., Shannon Black Psy.D., Zakaria Siddiqu M.D.,

Kathleen Barrett Psy.D., and Klaus Hartmann M.D., ("Defendants"), move this Court to dismiss the plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The defendants argue that the plaintiff's claims are barred by absolute immunity, sovereign immunity, and qualified immunity.  In addition, the defendants argue that the plaintiff has failed to state a cognizable claim for medical or professional negligence because the physician-patient relationship necessary to give rise to a legal duty did not exist.

**II. STANDARDS OF REVIEW**

**A. *Fed.R.Civ.P. 12(b)(1)***

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges whether the Court has subject matter jurisdiction to hear the matter.  The party asserting jurisdiction bears the burden of proving that jurisdiction is proper. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010).  The Court "has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases:  '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"  *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008)(quoting *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.

1981)); *see also Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008)("Motions to dismiss for lack of subject-matter jurisdiction can be decided in three ways:  at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like summary judgment motion; and on disputed facts").

**B. *Fed.R.Civ.P. 12(b)(6)***

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Consequently, a motion to dismiss may be granted when the plaintiff has failed "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  *Twombly*, 550 U.S. at 555 (internal quotations omitted).  "The complaint must 'provide a defendant with some

indication of the loss and the causal connection that the plaintiff has in mind.'  Otherwise, a plaintiff with no hope of showing proximate causation could require inefficient expenditure of resources and potentially induce a defendant to settle a meritless claim." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

"When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).  "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678.)  "It is not, however, a 'probability requirement.'"  *Id.*  Accordingly, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'"  *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**III. DISCUSSION**

**A. Absolute Immunity**

The defendants argue that the doctrine of absolute immunity bars the plaintiff's claims.  The doctrine of absolute immunity shields "all persons -- governmental or otherwise -- who were integral parts of the judicial process" from damage claims.  *Briscoe v. LaHue*, 460 U.S. 325, 336 (1983).  "[N]onjudicial persons who fulfill quasi-judicial functions intimately related to the judicial process have absolute immunity for damage claims arising from their performance of the delegated functions."  *Moses v. Parwatikar,* 813 F.2d 891, 892 (8th Cir. 1987)(citing *Myers v. Morris*, 810 F.2d 1437, 1466 (8th Cir. 1987)).  Courts have found that probation officers, guardian ad litems, and court-appointed psychologists are related to the judicial process and absolutely immune from damage claims.  *See, e.g., Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1986)(probation officers); *Dornheim v. Sholes*, 430 F.3d 919 (8th Cir. 2005)(guardian ad litems); *Morstad v. Dep't of Corr. and Rehab.,* 147 F.3d 741, 744 (8th Cir. 1998) (finding that a court appointed psychologist who evaluated and testified regarding the patient, was performing functions essential to the judicial process).

The defendants state that plaintiff's claims are barred by absolute immunity due to the integral nature of their role in

the judicial process. The plaintiff was committed to the LRC on August 13, 1993, after being found not responsible by reason of insanity. Between August 13, 1993 and July 16, 2013, the defendants provided the plaintiff with professional health care services. During the plaintiff's time at the LRC, the named defendants provided the District Court for Hayes County with documentation of the treatment process pursuant to Neb.Rev.Stat. § 29-3703(1). Under § 29-3703(1), the court is responsible for annually reviewing records, or if necessary ordering evaluations. The defendants argue that because their conduct involved court-mandated duties, they were performing quasi-judicial functions, and are therefore, immune. The Court disagrees. Under § 29-3703, the district court conducts the review and has the power to order evaluations. The day-to-day duties of the employees of the LRC are not akin to probation officers, guardian ad litems, and court-appointed psychologists. The named defendants' duties at LRC were not so intimately related to the judicial process to warrant absolute immunity. Therefore, the Court will not dismiss the plaintiff's claims against the defendants based on absolute immunity grounds.

**B. Sovereign Immunity**

Defendants argue that the doctrine of sovereign immunity bars the claims for medical malpractice or professional negligence against the state employees in both their official and individual capacities. In addition, the defendants argue that the conduct giving rise to the plaintiff's medical malpractice or professional negligence claims was discretionary in nature, and therefore, protected by sovereign immunity.

**1. Official Capacity**

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and employees of a state sued in the employees' official capacity. *See Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995). Any award for retroactive monetary relief payable by the state is barred by the Eleventh Amendment. *See Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 444 (8th Cir. 1995). Sovereign immunity does not bar damage claims against state officials acting in their individual capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity. A claim against an individual state employee in his or her official capacity is essentially a claim against the entity employing the individual. *Eagle v. Morgan*, 88 F.3d 620, 629 n. 5

(8th Cir. 1996)(quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).  Therefore, damage claims against individual state employees acting in their official capacity are also barred by the Eleventh Amendment.  *Murphy v. State of Ark.,* 127 F.3d 750, 754 (8th Cir. 1997).

To the extent that the plaintiff seeks relief against the named defendants in their official capacities, such relief is barred by sovereign immunity.  There is nothing before the Court showing that the State of Nebraska has waived its sovereign immunity for individual state employees in their official capacities.  Therefore, the claims against the defendants in their official capacities will be dismissed.

**2. Individual Capacity**

The Nebraska Constitution under Article V, § 22, provides a waiver of sovereign immunity stating, "The State may sue and be sued, and the Legislature may provide by law in what manner and in what courts suits shall be brought."  The State Tort Claims Act ("STCA") governs state law tort claims brought against state officials acting within the course and scope of their employment.  *See Doe v. Bd. of Regents,* 280 Neb. 492, 512, 788 N.W.2d 264, 282 (2010); Neb.Rev.Stat. § 81-8,209.  The STCA provides a limited waiver of Nebraska's sovereign immunity for many tort claims, but it also lists exceptions to that waiver.

*Id.*; Neb. Rev. Stat. § 81-8,219.  A defendant may affirmatively plead that the plaintiff has failed to state a cause of action because an exception to the waiver of sovereign immunity applies.  *Id.* at 513.  Among the Tort Claim Act's exceptions is the "discretionary function exception," which reads as follows:

> The State Tort Claims Act shall not apply to . . . [a]ny claim based upon an act or omission of an employee of the state, exercising due care, in the execution of a statute, rule, or regulation . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a state agency or an employee of the state, whether or not the discretion is abused.

Neb. Rev. Stat. § 81-8,219(1).  Therefore, an state employee's action or inaction in a discretionary function cannot be the basis for liability under the Act because Nebraska preserves its Sovereign Immunity under this doctrine.  *Jasa by and Through Jasa v. Douglas County*, 244 Neb. 944, 955, 510 N.W.2d 281, 288 (1994) (quoting *Wickersham v. State*, 218 Neb. 175, 180, 354 N.W.2d 134, 138-39 (1984)).  "However, the discretionary function or duty exemption in the State Tort Claims Act extends only to the basic policy decisions made in governmental activity, and not to ministerial activities implementing such policy decisions."  *Wickersham*, 218 Neb. at 180.  The court in *Wickersham* found that

a State can be "liable for negligence of its employees at the operational level where there is no room for policy judgment." *Id.*

When reviewing whether a State is entitled to the discretionary function exemption, the Court may consider whether facts are disputed or undisputed. If the facts are disputed and a bare evidentiary record is present, then the question is one of fact. *See Id.* at 182. However, in cases where the facts are undisputed, "the application of the discretionary function exemption of the State Tort Claims Act or Political Subdivision Tort Claims Act presents a question of law." *D.K. Buskirk & Sons, Inc. v. State*, 252 Neb. 84, 90, 560 N.W.2d 462 (1997). In this case, the facts are disputed as to the medical malpractice or professional negligence claim. As a result, the Court will deny the defendants' motion to dismiss the individual capacity claims at this time and allow further discovery.

**C. Qualified Immunity**

The doctrine of qualified immunity protects government officials from liability for civil damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Messerschmidt v. Millender*, --- U.S. ---, 132 S.Ct. 1235, 1244, 182 L.Ed.2d 47 (2012); *Pearson v. Callahan*, 555 U.S. 223,

-11-

231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). In short, the plaintiff must plead facts showing that (1) the defendants violated a statutory or constitutional right, and (2) the right was clearly established at the time of the challenged conduct. *Ashcroft v. al-Kidd*, ---U.S.---, 131 S.Ct. 2074, 2080, 179 L.Ed.2d 1149 (2011). The Court has discretion to decide which of the two prongs of the qualified immunity analysis to address first. *Id.*

The plaintiff alleges the following under the § 1983 civil rights claims in the complaint: (1) Unnecessary Bodily Restraint, (2) Truthful Disclosure, and (3) Access to Court or Retaliation Claim. The Court will address each in turn.

**1. Unnecessary Bodily Restraint**

"The Supreme Court has recognized that involuntarily civilly committed persons hold a protected liberty interest to be free from unnecessary bodily restraint." *Montin v. Gibson*, 718 F.3d 752, 754-55 (8th Cir. 2013)(citing *Youngberg v. Romeo*, 457 U.S. 307, 320-22, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982)). "It is fundamental that the state cannot hold and physically punish an individual except in accordance with due process of law." *Ingraham v. Wright*, 430 U.S. 651, 673, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). The plaintiff alleges that the defendants violated his right of being free from unnecessary bodily restraints due to

the fact that he was committed to the LRC.  The plaintiff's version of unnecessary bodily restraint is distinguishable from the right recognized by the Supreme Court in *Youngberg* and *Ingraham*.  The plaintiff has failed to plead facts showing that the defendants violated a clearly established statutory or constitutional right.  Therefore, defendants' motion to dismiss the unnecessary bodily restraint claim under the doctrine of qualified immunity will be granted.

**2. Truthful Disclosure**

The Court is unaware of existing precedent finding a constitutional right to truthful disclosure.  The plaintiff cites to various Nebraska cases; however, all the cases involve negligence and disclosure, and not a clearly established constitutional or statutory right.  *See Fuhrman v. State*, 265 Neb. 176, 655 N.W.2d 866 (1963); *Simonsen v. Swenson*, 104 Neb. 224, 229, 177 N.W. 831, 932 (1920).  Therefore, the plaintiff has failed to establish that "truthful disclosure" is a constitutional or statutory right.  Defendants' motion to dismiss as to the truthful disclosure claim will be granted.

**3. Access to Court or Retaliation Claim**

The Supreme Court has established that "prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

The Eighth Circuit has recognized the rule "that 'an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper.'" *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990)(quoting *Freeman v. Blair*, 793 F.2d 166, 178 (8th Cir. 1986)). The plaintiff's claim for retaliation is based on the First Amendment's protection of the right to access to courts. To be successful under a First Amendment retaliation claim under § 1983, the plaintiff must show, "(1) he engaged in protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)(citing *Naucke v. City of Park Hills*, 284 F.3d 923 (8th Cir. 2002)).

In this case, the plaintiff has established that he engaged in protected activity by pleading retaliation for access to the courts. As for the last two prongs of the retaliation analysis, the plaintiff has pleaded facts indicating more than a sheer possibility that adverse action was taken to chill the protected activity and in response to the protected activity. As


a result, plaintiff's motion to dismiss for the access to courts and retaliation claim will be denied at this time.

**D. Existence of the Physician-Patient Relationship**

The defendants claim that the plaintiff has failed to establish that a physician-patient relationship arose during his time at the LRC. "The existence of a physician-patient relationship is normally a question of fact; however, the party claiming the existence of the relationship must allege some facts to show that the relationship came into existence." *Gallion v. Woytassek*, 244 Neb. 15, 20 (1993)(citing *Flynn v. Bausch*, 238 Neb. 61 (1991)). The physician-patient relationship arises "when the physician undertakes treatment of the patient." *Flynn*, 238 Neb. at 64. In this case, the plaintiff has alleged some facts to show that the physician-patient relationship came into existence during his time at the LRC. *See* Filing No. 1 at ¶¶ 33-39. Therefore, defendants' motion to dismiss the medical malpractice or professional negligence claims on the grounds that a physician-patient relationship did not exist will be denied.

**IV. CONCLUSION**

The Court will deny in part and grant in part the defendants motion to dismiss. Accordingly,

IT IS ORDERED:

1) Defendants' motion (Filing No. 9) is denied in part and granted in part:

    a)  The medical malpractice or professional negligence claim against the defendants in their official capacities is dismissed.

    b) Defendants' motion to dismiss the individual capacity claims for the medical malpractice or professional negligence claims is denied at this time.

    c) Defendants motion to dismiss the Unnecessary Bodily Restraint and Truthful Disclosure claims is granted. However, defendants' motion to dismiss the Access to Courts or Retaliation Claim is denied.

    d) Defendants' motion to dismiss the medical malpractice or professional negligence claim on the grounds that the physician-patient relationship never existed is denied.

DATED this 12th day of January, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court